DOAK v. RUNYAN.

James Doak v. Alexander B. Runyan and others.

*Deeds of gift: Fraud: Creditors: Execution levy.* One who owns lands subject to a contract to sell and convey the same to his wife upon which a part of the purchase price remains unpaid, cannot, pending suit against him and on the eve of the judgment, make a valid deed of gift of his interest in the lands to his wife to defeat an execution levy.

*Execution levy: Land contract: Vendor's interest: Legal title.* A levy upon the interest in lands of an owner who was under contract to convey upon future payments, would take the legal title in full and a beneficiary interest subject to the liability of conveying on complete performance by the vendee.

*Land contracts: Husband and wife: Vendee: Deed of gift: Execution levy.* A wife who is under contract to purchase lands of her husband can claim no equities by virtue of a deed of gift of the lands, as against an execution levy upon the husband's interest, where the amount she still owed on the contract when she received the deed exceeded the amount required to satisfy the execution.

*Heard October 26. Decided November 2.*

Appeal in Chancery from Clinton Circuit.

*Spaulding & Cranson,* for complainant.

*R. Strickland,* for defendants.

CAMPBELL, J:

The bill in this cause is filed in aid of an execution, to set aside as fraudulent a deed made by Alexander B. Runyan, a judgment debtor, to his wife, and a subsequent mortgage from husband and wife to defendant Conn. The deed was made November 1, 1873, and the mortgage, November 15, 1873, for one thousand dollars, payable in five years, with ten per cent. interest. The execution was levied on the 19th of November.

The defendant Conn does not appear in this court, and as his mortgage was given for a much larger sum than he advanced, and he does not defend, this security is of no account, except as it may have some connection with the deed. The validity of the deed is the only important ques-

tion before us. It seems to be conceded the mortgage is paid or settled.

The deed was made during the pendency of the suit on which the complainant obtained judgment, and on the eve of the judgment. The case shows beyond any doubt that the deed was made to save the land from levy. It was fraudulent, unless made on an equity prior and superior to complainant's, and to a person entitled to rely on that equity.

This is claimed by Mrs. Runyan to be her position. Her defense consists of a prior agreement to purchase from her husband, on terms which were fair and for a money consideration, and which had been fulfilled. The contract set up in the answer was a written contract dated February 2, 1869, for one thousand dollars payable in four years, and subject to all mortgages, and on payment she was to have a quit-claim deed. The deed actually given purports to be a deed of gift for a good, and not for a valuable consideration, and makes no reference to the contract. According to the written terms, the contract was payable in full in February, 1873.

The proof, assuming it to be satisfactory in quality, shows that the parties were married in 1867, when Mrs. Runyan seems to have had some property in New York, on which she realized afterwards from one thousand to one thousand five hundred dollars. She paid a note of her husband's for two hundred and eighty-one dollars in February or March, 1868. They moved on to the land in the fall of 1868, in October. Afterwards Mr. Runyan swears there was a verbal contract, the terms of which do not appear, unless inferentially taken to have been the same as the written one. Mrs. Runyan makes no reference to a verbal bargain directly. She claims to have made annual payments, and to have paid in full before the deed. She gives no dates of any payments but the note of two hundred and eighty-one dollars of 1868. Mr. Runyan produces copies of three alleged receipts, the first for two hundred and fifty dollars, dated June 2, 1868; the second for one hundred and seventy dollars, January 1,

1872, and the third October 12, 1873, for two hundred and fifty dollars.

Upon these facts it is to be remarked that more than five hundred dollars were paid before any contract was talked of, and before they moved upon the land; that Mrs. Runyan was to take the land subject to existing mortgages, and it does not appear that her money ever went to pay any mortgage, while it is assumed there were mortgages to be paid, the amount of which should, by the terms of the contract, be added to the purchase money, or at least be a charge on her title; that only one hundred and seventy dollars is shown to have been paid after the written contract, until within a few days before the deed, and that within a month after receiving the last two hundred and fifty dollars payment the defendants made the Conn mortgage on a claim of pressing need of money.

Putting the most favorable construction on all these facts, and assuming them to be facts, the alleged verbal agreement amounts to nothing, being followed by the written one before any thing had been done under it, as well as being void. The written contract provides expressly for one thousand dollars to be paid in the future, and makes no reference to past payments as applicable. It is not shown by any testimony that the early advances made by Mrs. Runyan were loans at all, and whether loans or not they were not made on any contract or understanding concerning these lands, and cannot be credited on the contract. The answer makes no reference to any such claim.

Taking the stories to be true, Mrs. Runyan owed more than five hundred dollars on the land, aside from the mortgage burdens, when it was deeded to her. Her husband had no right to give away, as against his creditors, any title which he possessed, and he owned this title subject at best to an executory contract less than half performed. A levy upon his interest would take the legal title in full and a beneficiary interest subject to the liability of conveying on complete performance by Mrs. Runyan.

As Mrs. Runyan, before she can claim the land, must pay more than three-fold the complainant's claim, she has no equity upon her own showing which justifies her holding the deed as against the levy.

The complainant is entitled to have the deed set aside, and to have the land sold to satisfy his judgment.    He is also entitled to costs of the circuit court and of this court. Defendants may have the option of paying these costs, and the judgment and execution, with the legal expenses, in forty days.

Under these circumstances we do not deem it necessary to discuss the credibility of the testimony.

The decree below, dismissing the bill, must be reversed, with costs of both courts, and a decree rendered for complainant as above directed.

The other Justices concurred.