IRA D. MATTESON AND HENRY E. TRUMBLE IMPLEADED WITH
C. C. LEATHERS ET AL. v. ADOLPH NATHANSON.

*Surviving partners.*

A surviving partner cannot, without express authority, bind co-survivors by a time note in the firm name, even for an indebtedness that occurred before the firm was dissolved by the death of one of its members.

Where, after the death of a partner, one of his survivors has taken no part with the rest in carrying on partnership business, he is not bound by any implication that they constitute a new firm.

Where an erroneous judgment is entire as against all the defendants, it must be reversed as to all.

Error to Kalamazoo.   Submitted January 25.   Decided February 1.

ASSUMPSIT.   Defendants Matteson and Trumble bring error.

*Oscar T. Tuthill* for plaintiffs in error.   One partner cannot, after dissolution of the firm, bind his co-partners by his admissions, *Pennoyer v. David*, 8 Mich., 407; *Smith v. Shelden*, 35 Mich., 42.   A note made by one of several partners after dissolution of the partnership, will not bind the rest. Pars. on Partnership, 404; Pars. N. & B., 144–5; Edwards on Bills, 107–8; Story on Partnership, § 336; Collyer on Partnership, § 544; 3 Kent's Com., 63; 1 Dan. Negot. Inst., 278–9; Bayley on Bills, 58; *Bell v. Morrison*, 1 Pet., 351; *Baker v. Stackpoole*, 9 Cow., 424; *National Bank v. Norton*, 1 Hill, 572; *Walden v. Sherburne*, 15 Johns., 409; *Mitchell v. Ostrom*, 2 Hill, 520; *Lansing v. Gaine*, 2 Johns., 300; *Hurst v. Hill*, 8 Md., 399; *Lockwood v. Comstock*, 4 McL., 383; *Perrin v. Keene*, 19 Me., 355; *Darling v. March*, 22 Me., 184; *Hamilton v. Seaman*, 1 Md., 185; *Bank of Port Gibson v. Baugh*, 9 Sm. & M., 290; *Conklin v. Ogborn*, 7 Ind., 553; *Chase v. Kendall*, 6 Ind., 304; *Martlett v. Jackman*, 3 Allen., 287;

33 MICH.—48.

*Whitman v. Leonard,* 3 Pick., 177; *Bank of South Carolina v. Humphreys,* 1 McCord, 388; *Haddock v. Crocheron,* 32 Tex., 276; *Richardson v. Moies,* 31 Mo., 439; *Lange v. Kennedy,* 20 Wis.,279; nor can one partner after the firm is dissolved, bind the rest by a new contract as to partnership indebtedness, without their consent, *Farmers' & Mech. Bank v. Kercheval,* 2 Mich., 519; *Atwood v. Gillett,* 2 Doug. [Mich.], 216; in order that the debts of an old firm may be made a charge upon a new one, the creditors, the old firm and the new one must all consent, *Spaunhorst v. Link,* 46 Mo., 199.

*Arthur Brown* for defendant in error. Partnership may be shown by proving how business is done, *Hadden v. Shortridge,* 27 Mich., 212; where survivors continue in business under the old partnership name, and allow it to be used as a firm name, they constitute a new firm, *Mills v. Bunce,* 29 Mich., 365, and one of them has a right to give a note that will bind the rest, for articles furnished before the old firm was dissolved, *Pecker v. Hall,* 14 Allen, 532; *Ward v. Tyler,* 52 Penn. St., 395.

GRAVES, J. Defendant in error recovered against plaintiffs in error and the other parties upon the following note, and for the full amount:

"BREEDSVILLE, Mich., Jan. 2d, 1873.
215. Two months after date, we promise to pay to the order of Robert Baker, or bearer, two hundred and fifteen dollars at the Michigan National Bank of Kalamazoo, value received, with ten per cent. interest.
BREEDSVILLE MANUFACTURING COMPANY."

It appears from the case, that the plaintiffs in error and others, including one William H. Marsh, sometime in the fall or latter part of the summer of 1871, engaged in business at Breedsville, as partners, under written articles; that the articles described the business to be carried on, as the manufacture and sale of "The American Triumph Cultivator," and provided that the co-partnership should bear the style of the "Breedsville Manufacturing

Company," and should continue until dissolved by mutual consent, or by operation of law; that the associates continued as a firm until June 10th, 1872, at which time William H. Marsh, one of the number, died; that after his death some of the survivors kept on with business at the seat of the firm, and continued to make use of the firm name until about the time the note was given; that a considerable portion of the consideration of the note consisted of indebtedness which had accrued from the firm to the payee prior to the death of Marsh, whilst the residue consisted of indebtedness which arose after that event, and that the note was in fact executed by C. C. Leathers. These facts are not understood to be controverted.

The plaintiffs in error claimed at the trial, and now insist, that the partnership was dissolved June 10th, 1872, by Marsh's death, and that consequently they were not parties to nor bound by the note executed by Leathers, January 2d, 1873, in the name of the Breedsville Manufacturing Company.

The defendant in error, not denying that by Marsh's death the co-partnership tie was severed, and the remaining members were left respectively at liberty to recognize no further partnership connection, yet contended, and now contends, that the survivors, including plaintiffs in error, continued in fact to do business as before, and under the old name, and thereby assumed the character and incurred the liability of a firm from the death of Marsh, composed of the remaining members, and bearing the old name, and that the new concern so constituted as successor of the old one, and composed of the survivors of the latter, were jointly liable for the indebtedness which accrued both before and after the death of Marsh. He also contended that as to so much of the note as consisted of the indebtedness which arose before the death of Marsh, the surviving members of the old firm were bound and liable in a suit upon the note.

Now a critical examination of the record makes it very clear that there was no evidence whatever that Trumble had anything whatever to do after the death of Marsh with the concern, whatever its character, which thereafter conducted affairs in the name of the old firm, and no evidence of any act or word of his implying, or remotely indicating his further connection with the remaining members, or his assent to or acquiescence in the continuance of any business in the former name, and no evidence of any act or omission to estop him from claiming exemption from liability.

In his character of surviving member only of the former firm, Leathers had no power to bind Trumble by a time note in the name of the old firm, even for indebtedness which had accrued before the dissolution. Express authority was necessary to authorize the imposition of such a liability for acknowledged debts of his own late firm (*Smith v. Shelden*, 35 Mich., 42, and cases), and certainly it was not practicable to bind him for a debt of another concern to which he was in law a stranger. Hence, although the note was made in the name of the "Breedsville Manufacturing Company," it was not Trumble's note.

As it was not shown that defendant in error was a *bona fide* holder for value without notice, there is no place for any question which such a state of fact might authorize.

The rulings of the circuit judge were adverse to this opinion, and as the judgment is entire against all who were defendants below, it must be reversed as to all (*Sheldon v. Quinlen*, 5 Hill, 441, and notes), and the other questions cease to be material. As a consequence of the reversal a new trial must be allowed, and the plaintiffs in error must recover their costs in this court.

The other Justices concurred.