Alexander Michie v. Peter Ellair.

*Injunction against ejectment suit—Notice by occupancy*

1. A man agreed with his son that the son should have a certain piece of property by way of advancement from his estate, and the son took possession of it accordingly.   The father executed a deed with the avowed purpose of delivering it to the son, but it was lost.   The father however referred to the advancement in his will and so recognized it.   Ejectment was brought for this land by one who, without

consideration, had obtained from another of the testator's children a deed of whatever interest the latter had in the land. *Held,* that the son who had occupied and improved it could maintain a bill to enjoin the action, and to clear and confirm his title. His possession and continued occupancy were sufficient notice of his claim, and his case was barred neither by the Statute of Limitations nor by laches.

2. A decree in chancery will not be disturbed for errors in the admission of evidence if there was enough, aside from the testimony complained of, to support the findings on which the decree is based.

3. Record evidence of title is not absolutely necessary in a court of chancery, to sustain a bill to enjoin a proceeding in ejectment.

Appeal from Wayne. (Jennison, J.) June 17.—Sept. 23.

BILL to clear title, etc. Defendant appeals. Affirmed.

*Geo. H. Prentis* and *Alfred Russell* for complainant.

*Edward E. Kane* and *John Atkinson* for defendant, cited, as analogous, *Forward v. Armstead* 12 Ala. 124; *Evans v. Pattle* 19 Ala. 398; *Pool v. Pinckard* 23 Ala. 649; *Shepherd v. Shepherd* 1 Md. Ch. 246; *Ham v. Goodrich* 33 N. H. 32; *McClure v. McClure* 1 Penn. St. 378; *Jones v. Tyler* 6 Mich. 368; *Wright v. Wright* 31 Mich. 380; *Van Wert v. Chidester* 31 Mich. 209; *Ritson v. Dodge* 33 Mich. 463; *Peckham v. Balch* 49 Mich. 181; *Dragoo v. Dragoo* 50 Mich. 577.

SHERWOOD, J. The defendant in this case brought ejectment against the plaintiff to recover one-quarter of a farm at Grosse Pointe, consisting of about one hundred and forty acres. This suit is brought to enjoin the further prosecution of that action and to remove the cloud from complainant's title to the farm, created by the conveyance under which the defendant claims, and to confirm the complainant's title to the farm. The case was heard in the Wayne circuit court before Judge Jennison, on pleadings and proofs, and a decree made in accordance with the prayer of complainant's bill. The complainant asks for a reversal of that decree. I think the decree was right, and should not be reversed.

The complainant claims that his father, who lived and died in London, England, purchased the farm in 1836 for the sum of $2784, and in 1844 promised and agreed with complain-

ant that if he would come to this State and go and live upon the farm he would deed it to him, and it should be regarded as an advancement to him for $3500; and the complainant, being then twenty-four years of age, accepted the gift upon the terms stated, came to Michigan, went into possession of the property, and has lived and uninterruptedly occupied the same under the agreement as his own farm, and improved and paid the taxes thereon ever since; that his father died in 1852 and his mother in 1860; that his father and mother, soon after the complainant came upon the property and married, made and executed a proper deed of conveyance to complainant, with the avowed purpose of delivering it to him, but in some way it became lost or destroyed before it was delivered or placed upon record, but that, in the will made by the father, he referred to the advancement made to the complainant at the sum of $3500, and thereby recognized the gift and agreement with the complainant, deceased having made no other advancement to him; that at the time of his death the father left three children, besides complainant, all of whom understood that complainant claimed the property as his and regarded him as the owner, and so understanding, two of them after the death of the mother, to perfect the record of title in complainant, quitclaimed their interest to him without any other consideration. The third, having married the defendant, refused to do so, but caused her interest to be conveyed to the defendant, who, after his wife obtained a divorce from him, brings this ejectment suit.

Complainant further claims that the defendant understood and was told by Mrs. Ellair at the time he obtained his deed from her that she had no interest in the property; that it was her brother's, the complainant's, and that he gave his wife nothing for the conveyance to him under which he claims. The circuit judge found from the evidence substantially the above-mentioned facts; and further found that the defendant has neither the legal nor equitable title to the undivided one-fourth of the complainant's farm, and that the conveyance which he then obtained thereto from Mrs. Ellair are clouds upon his title, and worthless; that the complainant has good title in fee to his farm, and that the clouds should be removed. I

think the judge's findings are well supported by the law as well as the evidence in the case. The testimony is mostly that given by the complainant and Mrs. Ellair, and from letters written to the complainant by his father.

Objection is made to some portions of the complainant's testimony as being equally within the knowledge of the deceased father, and in several instances the objection is well taken. But aside from this, there is sufficient to support the findings of the circuit judge in the decree appealed from. It is insisted by counsel for the defendant that the rights relied upon in this case by complainant are barred by the Statute of Limitations. In this view I do not agree with counsel. The complainant's possession and occupancy of the premises, as shown by the testimony in the case, can only be fairly and reasonably accounted for upon the right and claims he makes. Neither was there any such omission on his part in perfecting the right he claims as the law deems laches. His taking possession and continual actual occupancy were sufficient notice to the world of his interest, and the extent of it, in the property. No question of priority of record is involved in the case, and it is of no consequence that the complainant failed to produce conveyance or record evidence of his title. In no case can such evidence be necessary to maintain his title, and it only becomes convenient when placed on the defensive, as in this case. That he is not in possession of such evidence now, it is shown, is by misfortune and not by laches, as the deed was once made by his father who never withheld it or destroyed it, but it was accidentally lost.

The case presented by the bill is not one for specific performance of a parol contract for the sale of land, but to enable the complainant to show such equitable title thereto as will render null the defendant's deed, and thereby defeat the claim he makes thereunder. The indefiniteness of the contract does not necessarily go so far as to render it void. I think it was sufficient to show the character and extent of the complainant's occupancy and possession; and that was all that was necessary in this case.

The decree of the circuit court must be affirmed with costs.

The other Justices concurred.