COREY *v.* SMALLEY.[1]

| 106 | 257 |
| s64NW | 13 |
| s58ASR | 474 |
| 129 | 119 |

| 106 | 257 |
| s64NW | 13 |
| s58ASR | 474 |
| 130 | 133 |
| 130 | 334 |

| 106 | 257 |
| 134 | [1] 85 |

| 106 | 257 |
| f156 | 1425 |

1. RECORDING LAWS—EXECUTION LEVY—CONSTRUCTIVE NOTICE.

Under 3 How. Stat. § 6173, providing that no levy by execution on real estate shall be valid against *bona fide* conveyances made subsequent to such levy until notice thereof shall have been filed with the register of deeds, but that such levy shall, from the time of filing said notice, be a lien upon the premises, which shall be valid against all prior grantees of whose claims the party interested shall not have actual or constructive notice, a lien thus obtained will not take priority over the rights of one in actual possession under an unrecorded contract of purchase from the execution debtor, since such possession is constructive notice of his rights; nor will the filing of such notice of levy operate as notice to the vendee so as to invalidate payments thereafter made by him.

2. SAME.

After A. had sold land to B. on contract, and assigned his interest under such contract to C., neither the contract nor the assignment being of record, an execution against A. was levied upon the premises, of which B.'s tenant was in possession, proper notice of the levy being filed with the register of deeds. B. afterwards assigned to complainant, who, in ignorance of the levy, paid the balance of the purchase price to C., took an assignment from him, and obtained a deed from A. *Held,* that the statute (section 6173) would not avail the execution creditor, and that a sale under the levy was properly enjoined, even though the assignment from A. to C. may have been made with fraudulent intent.

---

[1] Rehearing denied December 24, 1895.

Appeal from Wayne; Kinne, J., presiding. Submitted May 2, 1895. Decided July 13, 1895.

Bill by Lorenzo Corey against Herbert Smalley and another to enjoin an execution sale. Complainant appeals from a decree dismissing his bill. Reversed.

*Moore & Moore*, for complainant.

*S. W. Stewart*, for defendants.

HOOKER, J. Berlin, being the owner of the premises in controversy, sold the same upon land contract to Charlton on June 23, 1891, for $3,500. Charlton took immediate possession, and continued in possession until December 4, 1891, when he rented the premises to Andrich, who took immediate possession. On February 8 or 9, 1892, Charlton assigned his contract to Corey. Andrich continued in possession as tenant of Charlton and Corey until October, 1892. By arrangement with Charlton, he paid some, if not all, of his rent by selling groceries to Berlin, for which Charlton was to have credit. On December 14, 1891, the record title of the premises was in Berlin. Neither the land contract nor assignment was recorded. On February 18, 1892, Berlin deeded the premises to Corey upon the delivery to him of Corey's check, payable to Mrs. Burroughs, Berlin's sister, and an assignment to Corey by her of the duplicate contract held by Berlin, which it is claimed was sold and assigned to her by Berlin in part payment of an existing debt on August 31, 1891. Meantime, and on December 14, 1891, the defendants had caused a levy of execution to be made upon these premises as the property of Berlin, and complainant was ignorant of this until after his payment. He thereupon filed the bill in this cause to enjoin the sale, and appeals from a decree dismissing it. The evidence indicates that the transfer to Mrs. Burroughs was not in good faith, and it is probable that the circuit judge so found. Corey doubtless paid in ignor-

ance that there was a levy, and in ignorance of any attempt at fraudulent concealment by Berlin.

By the contract between Berlin and Charlton, the latter became owner of an equitable interest in the land, and incurred an obligation to Berlin to pay the consideration. Berlin thereby acquired a chose in action against Charlton, and held the legal title to the land as security. Corey purchased the interest of Charlton, and became entitled to all of his rights. He assumed the obligation of Charlton to pay the consideration, and had a right to the deed of the premises upon full performance of the contract. By the assignment of the land contract to Mrs. Burroughs, Berlin parted with his claim against Charlton, and Mrs. Burroughs acquired the right to collect the same as assignee. Although Berlin thereby parted with his entire interest in the land, he held the legal title, but this title he held in trust for Charlton and Mrs. Burroughs, either of whom, by proceedings in chancery, might compel him to dispose of it in furtherance of the trust,—*e. g.*, upon payment to Mrs. Burroughs the complainant could compel Berlin to convey to him, while in case of non-payment Mrs. Burroughs might sell the premises upon proceedings to foreclose her lien. It is plain that, after the sale to Burroughs, Berlin had no interest in the premises which he could avail himself of. If the defendants can establish a defense, it must rest upon the following facts, viz.: (1) That the transfer to Burroughs was fraudulent as against them, and therefore void; (2) that neither the contract nor any of the assignments were recorded.

Under the early decisions of this State, the filing of a certificate of levy was held not to be notice to a subsequent purchaser. *Columbia Bank* v. *Jacobs*, 10 Mich. 349; *Millar* v. *Babcock*, 25 Mich. 137; *Campau* v. *Barnard*, Id. 381; *French* v. *De Bow*, 38 Mich. 708. But under 2 How. Stat. § 6173, such certificate, when recorded, became constructive notice to subsequent purchasers in good faith and for a valuable consideration whose con-

veyance was recorded prior to the sale. *Atwood* v. *Bearss*, 45 Mich. 469; *Drake* v. *McLean*, 47 Mich. 102. Under these decisions, the record of an execution sale to a *bona fide* purchaser for value gives the purchaser priority of right over a person claiming under a prior unrecorded conveyance. Again, Act No. 227 of the Public Acts of 1889 provides that the filing of a proper notice of levy with the register of deeds shall be a lien, etc., and that such lien "shall, from the filing of such notice, be valid against all prior grantees and mortgagees of whose claims the party interested shall not have actual nor constructive notice." This statute would be sufficient support for the defendants' claim, were it not for the fact that the complainant's assignor, Charlton, was in actual possession of the premises, either personally or by tenant, at the time of the levy. The premises consisted of a store, and the possession was plain, and was sufficient to have put the defendants upon inquiry. One who purchases land occupied by another than the grantor is chargeable with notice of the rights of the occupant. Possession of land by a contract purchaser is constructive notice of his rights. *Woodward* v. *Clark*, 15 Mich 104; *Russell* v. *Sweezey*, 22 Mich. 235; *Farwell* v. *Johnston*, 34 Mich. 342; *Dunks* v. *Fuller*, 32 Mich. 242; *McKee* v. *Wilcox*, 11 Mich. 358; *Allen* v. *Cadwell*, 55 Mich. 8; *Hommel* v. *Devinney*, 39 Mich. 523; *Seager* v. *Cooley*, 44 Mich. 14; *Weisberger* v. *Wisner*, 55 Mich. 246; *Michie* v. *Ellair*, 54 Mich. 518; *Stevens* v. *Castel*, 63 Mich. 111; *Moore* v. *Kenockee Tp.*, 75 Mich. 332; *Schweiss* v. *Woodruff*, 73 Mich. 473; *Lambert* v. *Weber*, 83 Mich. 395.

From these cases it is plain that the statute cited by counsel (Pub. Acts 1889, Act No. 227) will not justify the claim that the levy constituted a lien as against the rights of Corey. So far as any payments that were made previous to the levy are concerned, the levy is ineffective. Can the same be said of the later payment? This would seem to depend upon the questions (1) whether Berlin had any interest subject to levy; (2) if he had, whether

the record of the levy was notice to Corey that such interest had been subjected to legal process. If it can be said from the proof that the assignment to Mrs. Burroughs was not fraudulent, and that it was a valid transaction, it follows that between her and Corey the entire interest in the premises was held, and therefore that there was nothing left in Berlin to sell. If, however, such assignment was a shift to prevent a levy, Berlin had an interest, by way of security at least, to the amount of the sum due, which, while not recoverable by him, was subject to his debts, and under our statutes and practice it might be levied upon, and a bill could then be filed to settle the question of fraud. 2 How. Stat. § 6108; *Doak* v. *Runyan,* 33 Mich. 75. And there is perhaps little, if any, doubt that under the statute cited the complainant might have been made a party to a bill in aid of execution, and prevented from paying Mrs. Burroughs. It is not so clear that a mere notice of the claim of fraud would be sufficient to make such payment one at the peril of complainant. Certainly it would not be a defense against an action by Mrs. Burroughs upon the contract, and complainant would be in no situation to attack the consideration or *bona fides* of her title.

But it is admitted that he had no actual notice of such claim, for he did not even know of the levy. The defendants' claim, then, seems to rest upon the fact that the levy was recorded, and the further claim that the fact of the levy should have apprised the complainant that the transfer to Burroughs was claimed to be fraudulent, or at least that it had priority over the unrecorded contract and assignment to her. It is a well-settled rule that under the recording acts the operation of the record as notice is prospective, and not retrospective. In Wade on Notice (section 203) it is said:

"The only purchasers who are charged with notice by the registration of an instrument affecting the title to land are those who purchase subsequent to the deposit of the instrument with the registering officer."

Numerous cases are cited in support of the text.  See, also, 20 Am. & Eng. Enc. Law, 596, and notes.

This doctrine has ample support in Michigan.  *James v. Brown*, 11 Mich. 25; *Ladue* v. *Railroad Co.*, 13 Mich. 380; *Cooper* v. *Bigly*, Id. 476; *Dewey* v. *Ingersoll*, 42 Mich. 17; *Atwood* v. *Bearss*, 45 Mich. 469; *Shelden* v. *Warner*, Id. 638; 1 Jones, Mortg. § 562, and note.  In *Baldwin* v. *Thompson*, 15 Iowa, 504, it was held that, while judgments were liens upon the vendor's interest in land, they were not in themselves notice to the vendee, who might safely pay the consideration in the absence of actual notice.  See, also, *Polk Co.* v. *Sypher*, 17 Iowa, 358.  The complainant had no such notice, and, having paid in good faith to those apparently entitled to receive the money, should be protected in such payment; and as it appears that at the time Berlin made the deed he (the complainant) had a right to demand it, having paid the full purchase price of the land, there is no reason for permitting the defendants to proceed with the sale under the levy.

A decree will be entered in accordance with the prayer of the bill, with costs of both courts.

The other Justices concurred.