|123|321|
|s82NW|125|
|s130|332|

</div>

FIRST NATIONAL BANK OF COOPERSTOWN *v.* STATE
SAVINGS BANK OF IONIA.

PARTNERSHIP — DEATH OF PARTNER — FIRM ASSETS — RIGHTS OF CREDITORS—BILL TO SET ASIDE EXECUTION SALE—DEMURRER.

Where a bill, filed by a firm creditor to set aside a sale of land under an execution in favor of an individual creditor of the surviving partner, alleged that the land was partnership property, that the firm was heavily indebted to complainant when dissolved by the death of one partner, that the land was conveyed to complainant to apply on its partnership debt, and that the defendant had notice of these facts, it was sufficient, and a general demurrer thereto was properly overruled.

123 MICH.—21.

Appeal from Montcalm; Davis, J. Submitted February 1, 1900. Decided March 13, 1900.

Bill by the First National Bank of Cooperstown, New York, against the State Savings Bank of Ionia and John Peter Johnson, to remove a cloud from title. From an order .overruling. its demurrer to the bill, defendant State Savings Bank appeals. Affirmed.

The material averments of the bill of complaint are as follows: Amos Bissell and his son, George N., were copartners in business in Otsego county, in New York, and as such copartners became owners of the .land in dispute, situated in Montcalm county, Mich. Amos died October 29, 1889, leaving his son his sole surviving copartner, and also his sole heir at law. When Amos died, the firm was heavily indebted to comp. 'nant. Subsequently George and his wife, Hannah, made a contract with defendant Johnson to sell him this land for $600. Johnson took and ever since has been in possession of the land under said contract. On September 26, 1893, George assigned said contract to his wife "as security for the payment of her notes loaned to him." Hannah was at that time largely indebted to complainant as indorser and maker of notes and contracts then held by complainant against said Hannah and George, as surviving partner of Amos Bissell & Son. Said notes and contracts related exclusively to the business of the firm, and were given in connection with the firm matters. November 14, 1893, she assigned said contract to complainant to secure the payment of said notes. Complainant notified said Johnson of said assignments. November 23, 1893, George individually and as survivor of the firm executed a quitclaim deed of the premises, together with other lands, to one Brooks, as receiver of said George and of said firm, which deed was duly recorded April 2, 1895. On November 20, 1894, said George, and said Brooks as receiver, executed a deed of said land to one Potter, which was duly recorded April 2,

1895.   March 3, 1898, said George and his wife, Hannah, executed a quitclaim deed of the land to complainant, which was duly recorded July 5, 1898.   Potter died, and his heirs, on March 3, 1898, executed a deed of the land to complainant, which deed was recorded July 5, 1898. The business of said firm has never been fully settled. The deeds by George and his wife were made in connection with the settlement of said estate.   Said firm, at the death of Amos, was indebted to complainant in the sum of $12,000.

The First National Bank of Ionia obtained a judgment against George October 29, 1894.   Execution was issued, levy made upon this land, and the land sold to the First National Bank on April 15, 1895.   Johnson and said national bank had full knowledge of complainant's interest in the land.   Said bank had full knowledge that said lands belonged to the firm, that said firm had been dissolved by the death of Amos, that said lands passed into the control of the surviving member, and that the business of the firm had not been settled.   'Said bank also had notice that said lands were all liable to be taken to satisfy the firm debts.   Said national bank has become merged in the defendant savings bank.   There was no redemption from the sale.   On November 10, 1897, the defendant bank persuaded Johnson to accept from it a deed of said land, and to give it back a mortgage for the entire amount then due upon the contract; and both Johnson and the defendant bank then knew that said complainant claimed to own said land, and claimed that it was subject to the debts of said firm.   Defendant bank also well knew that the business of said firm had not been settled, and that it was heavily involved in debt when Amos died.

The bill then avers that complainant, by virtue of the above conveyances, became the owner in fee of the land; that the execution deed is a cloud upon complainant's title; and prays that it and the mortgage by Johnson to the bank be declared null and void, and that Johnson be decreed to pay to it the amount due upon the contract.

It is also alleged that the liability of said Hannah to complainant grows out of her indorsing notes and agreeing to pay certain debts which were owing to complainant by said firm at the time said Amos died, and that both George and Hannah are insolvent.

To this bill defendant Johnson interposed an answer in the nature of an interpleader, stating that he is ready to pay the money to whichever party is entitled to it. The defendant bank interposed a general demurrer, which was overruled. It is unnecessary to state the several grounds of demurrer. The learned counsel thus state their position:

"There are only two questions raised in the case:

"1. Did the defendant the State Savings Bank have notice that the premises were partnership property at the time of the execution sale, April 15, 1895, and, if it did, would such knowledge defeat defendant's execution levy?

"2. Did the defendant the State Savings Bank, at the time of its execution levy, have notice of any rights of the complainant?"

*Lemuel & William K. Clute*, for complainant.

*George E. & M. A. Nichols*, for appellant.

GRANT, J. (*after stating the facts*). 1. The defendant, by its demurrer, admits all the averments of the bill. Technical rules of pleading cannot be invoked to aid defendant on demurrer. Averments, though informal and defective, will be held sufficient upon general demurrer if the facts are therein stated with reasonable certainty. *Evans* v. *Railroad Co.*, 68 Mich. 608 (36 N. W. 687); Story, Eq. Pl. (10th Ed.) 404, note 3. It is reasonably certain that the bill of complaint intends to allege, and does allege, that the defendant bank had notice, both at the time of the levy and at the execution sale, of the fact that this land was partnership property, and that the complainant obtained title to it in payment of its partnership debt. We think it sufficiently alleged that the defendant bank levied upon and purchased this property

burdened with notice and knowledge of complainant's rights.

2. Did such notice and knowledge operate to defeat defendant's title?  Counsel insist that the rights and equities of the creditors of Amos Bissell & Son have been destroyed, for the following reasons:

(1) Because the entire firm assets became vested in George N. Bissell as sole heir at law of Amos, by operation of law, just as much as though Amos had transferred the same to George by deed of conveyance.

(2) By the sale of the property in question by George N. Bissell to John Peter Johnson on the land contract.

(3) By the assignment of the land contract as security from George to Hannah and from Hannah to complainant.

(4) By deed from George N. Bissell and Brooks to Potter and from Potter's heirs to complainant.

(5) By sale on execution of the joint interest of George and Amos under the execution of the defendant bank.

Counsel, in their argument, overlook the material averment in the bill that the contract, the assignments thereof, and the deeds were all executed for the purpose of effecting that to which creditors of a partnership are legally and equitably entitled, viz., the appropriation of partnership property to pay partnership debts.  George Bissell treated the land and made the contract as the surviving partner. It was assigned to secure partnership debts.  It has long been the settled law of the State that partnership property must be first applied to the payment of partnership debts, and that real estate owned by a partnership is regarded as personal property for the purpose of paying debts and closing the partnership business.  *Moran* v. *Palmer*, 13 Mich. 367; *Godfrey* v. *White*, 43 Mich. 171 (5 N. W. 243); *Merritt* v. *Dickey*, 38 Mich. 41; *Way* v. *Stebbins*, 47 Mich. 296 (11 N. W. 166); *Hutchinson* v. *Dubois*, 45 Mich. 143 (7 N. W. 714).  It is also the universal rule that a surviving partner has the right to apply partnership funds in payment of partnership debts.  Story, Partn. § 326.  The right and duty of George Bissell, as surviving

partner, and the rights of firm creditors, are unaffected by the fact that George was the sole heir of his father, his former copartner.    No creditor of George could levy upon and sell the firm assets for his individual debt, unless both he and the firm creditors have in some manner been estopped to assert, or have waived, their rights.    Under the allegations of the bill, they have not done so.    We are not called upon to anticipate what the evidence upon the hearing may show.    Neither need we now discuss the effect of the failure to record some of the deeds by which complainant claims title until after the levy made by the Ionia National Bank.    The bill sufficiently alleges (1) that the land was partnership property; (2) that the partnership was heavily in debt when Amos died; (3) that the land was conveyed to complainant to apply on its partnership debt; and (4) that defendant had notice of the above facts.    These allegations make a case sufficient to require an answer and the taking of proofs.

The decree is affirmed, with costs, and the case remanded to the court below, where the defendant will be given time to answer in accordance with the rules and practice of the court.

The other Justices concurred.