**FINANCE & INVESTMENT CORPORATION v. BURNET, Commissioner of Internal Revenue.**

No. 5346.

Court of Appeals of the District of Columbia.

Argued Feb. 4, 1932.

Decided March 7, 1932.

W. C. Sullivan, of Washington, D. C., for appellant.

Sewall Key, C. M. Charest, and James K. Polk, Jr., all of Washington, D. C., G. A. Youngquist, Asst. Atty. Gen., and Wm. Earl Smith and J. P. Jackson, both of Washington, D. C., for appellee.

Before MARTIN, C. J., and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

MARTIN, Chief Justice.

This appeal relates to corporation income taxes for the year 1925. Appellant, a Delaware corporation, claimed certain deductions in its returns for that year for payments made during the year to its preferred stockholders, claiming that the holders of the preferred stock had thereby become creditors of the corporation, and that the payments, although called dividends, were in fact interest. The Commissioner, however, held that the payments were dividends and not interest, and therefore disallowed the deductions. A corresponding deficiency was then asserted in the corporation's taxes, and this was sustained upon appeal by the Board of Tax Appeals. 19 B. T. A. 643. The record is now before us.

Section 234 of the Revenue Act of 1926, 26 USCA § 986 (a) (2), provides:

"(a) In computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions. * * *

"(2) All interest paid or accrued within the taxable year on its indebtedness. * * *"

The amounts in question were paid by the corporation under the name and form of dividends payable to the holders of its preferred stock, and the sole issue in the case is whether the payments are deductible as interest under the provisions of the act. The answer depends in large part upon the terms of the company's certificate of incorporation and the stock certificates held by the payees.

It is provided, in substance, by the certificate of incorporation that 4,000 shares of preferred stock, of the par value of $25 per share, may be issued by the directors, which shall entitle the holders thereof to receive,

and the corporation shall be bound to pay out of the net earnings, a cumulative dividend at the rate of 8 per cent. per annum, before any dividend shall be set apart or paid on the common stock; the holders of preferred stock shall have no voting power; in case of liquidation or dissolution the holders of preferred stock shall be paid the par amount of their shares and unpaid accumulated dividends thereon before any amount shall be paid to the holders of common stock, but shall not participate in any further distribution of the assets of the company; any part of the preferred stock shall be subject to redemption at the election of the company or of the holders thereof, at par plus accrued unpaid dividends on December 25, 1925, or at any dividend day thereafter, provided that the corporation shall not be required to redeem more than 10 per cent. of the outstanding preferred stock at any one dividend date, and such redemption shall be in the order of application therefor; if redemption is at the election of the corporation, 5 per cent. of the par value is to be added to the payment, but a discount of 5 per cent. is to be deducted upon redemption made at the option of the stockholders; the corporation may also prescribe a specified notice to be given either by the company or by the holders, or by both, as a condition to the exercise of the right of redemption.

The preferred stock certificates upon which the sums now in question were paid conform to the foregoing provisions.

In our opinion the holders of such preferred stock did not thereby become creditors of the corporation, and the payments in question were received by them as dividends and not as interest.

This conclusion follows from the fact that they were not entitled to demand a fixed rate of return upon their investment, but only such dividends not exceeding 8 per cent. per annum as were payable from the net earnings of the company; also that, in case of liquidation of the corporation they were not to be paid from its assets on an equality with its creditors, but were only to be preferred over the common stockholders. Scott v. B. & O. R. Co., 93 Md. 475, 49 A. 327; Lockhart v. Van Alstyne, 31 Mich. 76, 18 Am. Rep. 156. See, also, Warren v. King, 108 U. S. 389, 2 S. Ct. 789, 27 L. Ed. 769.

Appellant lays especial stress upon the provision contained in the preferred stock certificates, to the effect that the "stock is redeemable in whole or in part at the election of the corporation or of the stockhold-ers upon 60 days' written notice prior to any dividend-payment date on or after December 31, 1925." Appellant contends that this provision shows that the so-called preferred stock is actually a certificate of indebtedness. We think not. These terms provide for redeeming the stock upon certain conditions, and do not treat it as a debt.

The payments in question are nowhere called "interest," but always "dividends" in the certificate of incorporation and in the stock certificates. But even if they were called interest, when in fact dividends, they would not be accredited as interest. In article 564 of Treasury Regulations 65, promulgated under the Revenue Act of 1924, it is provided that "so-called interest on preferred stock, which is in reality a dividend thereon, cannot be deducted in computing net income." This regulation has been in effect under all the Revenue Acts, beginning with that of 1918 and including that of 1928.

"On the other hand, if the instrument executed by a corporation has every essential feature of a certificate of preferred stock and is issued in usual form of such stock, it is a certificate of preferred stock and not a contract for the payment of money, although it may provide for redemption by the corporation by a certain time or on certain conditions, and in such a case the holders are stockholders and not creditors until a change is actually made." 14 C. J. 417.

In Armstrong v. Union Trust & Savings Bank (C. C. A.) 248 F. 268, the court held, where a corporation, authorized to issue preferred stock, issued certificates reciting that the holder was the owner of shares of preferred stock and entitled to interest on the par value thereof, and providing for a premium in case of retirement within ten years from issuance, the holders of such certificates are preferred stockholders, and not creditors, the purchasers of the certificates no doubt expecting to participate in dividends declared after payment of stipulated interest, for it cannot be assumed that the purchasers expected to be creditors and at the same time share in dividends.

In Elko Lamoille Power Co. v. Commissioner of Internal Revenue (C. C. A.) 50 F.(2d) 595, a corporation issued preferred stock without voting power, bearing 7 per cent. cumulative dividends payable semiannually, preferred as to income and assets, callable after three years at 110, the stock was sold on representations that it would be redeemable at any time on demand with

accumulated dividends. In an effort to make the dividends deductible, the board of directors had by resolution ratified these representations, the stock was carried on the books as "preferred stockholders interest account," and there was evidence that some stockholders regarded the purchase as a loan.

The court held that the holders of the preferred stock were not creditors, and the dividends paid upon it were not deductible as interest. The court distinguished the case from Arthur R. Jones Syndicate v. Commissioner of Internal Revenue (C. C. A.) 23 F.(2d) 833, cited by appellant, upon the ground that the preferred stock in the latter case was a direct obligation of the corporation with a definite date for payment, and not merely redeemable at the option of the corporation.

This ruling is applicable to the instant case wherein the right to redeem is reserved upon prescribed terms at the election of the stockholder or the corporation, but no express time is fixed for payment without the exercise of such option.

The decision of the Board of Tax Appeals is accordingly affirmed.