## In re COBB.

## ASHBAUGH v. BECKER.

### No. 15594.

District Court, E. D. Michigan, S. D.
Aug. 9, 1935.

Harold E. Howlett, of Pontiac, Mich., for receiver.

Frederick B. Darden and William W. Brashear, both of Detroit, Mich., for trustee.

TUTTLE, District Judge.

One of the referees in bankruptcy for this district has submitted to this Court a question of law certified and stated by such referee as follows:

"I, George A. Marston—one of the Referees of said Court in Bankruptcy, do hereby certify that in the course of the proceedings in said cause before me, the following question arose pertinent to the said proceedings: Where the parties to a mortgage intended that it constitute a lien upon an entire parcel of land situated in Michigan, but, due to a mutual mistake of the parties, the mortgage, as drawn, described only one-half (1/2) of such parcel, does the mortgagee have a right to have the mortgage reformed to include the entire parcel as against the Trustee in Bankruptcy of the mortgagor?"

It appears from the documents returned to the court with the aforementioned certificate that the said referee determined the said question, as applied to the facts herein, adversely to the contention of the trustee in bankruptcy, and that the latter has filed a petition to review this decision. Pursuant thereto, briefs of the parties have been presented to, and carefully considered by, the court.

The undisputed facts in connection with which the legal question thus certified must be considered, in so far as they are material to the issues here involved, are as follows:

The mortgage in question was erroneously drawn, as stated in the certificate, under a mutual mistake of fact on the part

of the bankrupt mortgagor and of the mortgagee, several years prior to the filing of the voluntary petition in bankruptcy herein. At the time of the filing of said petition, the bankrupt was in possession of the entire parcel of land so intended to be mortgaged, and no execution or other lien or claim, except as arising from the said mortgage, had been levied or otherwise created thereon; nor had any notice of any such lien or claim been filed for public record. The bankrupt's schedules filed herein, with said petition, described and referred to said entire parcel of land as subject to said mortgage.

■ The trustee contends that, under the following language of section 47a of the Bankruptcy Act (11 USCA § 75 (a), such trustee, with respect to the land in question, "shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied." The trustee does not, and cannot, deny that he has no right to priority over said mortgage under the law of Michigan unless it be under the following provision of section 14618 of the Michigan Compiled Laws of 1929, on which, however, he relies:

"No levy by execution on real estate shall be valid against bona fide conveyances made subsequent to such levy, until a notice thereof, containing the names of the parties to the execution, a description of the premises levied upon, and the date of such levy, shall be filed by the officer making the same, in the office of the register of deeds of the county where the premises are situated, and such levy shall be a lien thereon from the time when such notice shall be so deposited; and the lien thus obtained, shall, from the filing of such notice, be valid against all prior grantees and mortgagees of whose claims the party interested shall not have actual nor constructive notice."

It will be noted that the provision of the Bankruptcy Act just quoted vests in the trustee the rights, remedies, and powers of a judgment creditor "holding an execution duly returned unsatisfied." What, then, is the status of such a creditor, as against this mortgagee, in connection with the land and mortgage here involved, under the provisions of the Michigan statute just quoted? The language of this statute is clear and unambiguous and, in my opinion, merely permits a creditor who has levied an execution on real estate of his debtor to cause a certain notice of such levy, prescribed by the statute, to be filed in the office of the proper register of deeds, and then provides that the lien thus obtained shall, "from the filing of such notice, be valid against all prior grantees and mortgagees of whose claims the party interested shall not have actual nor constructive notice." It is therefore clear that in Michigan, and under the statute invoked by the trustee, a creditor merely "holding an execution duly returned unsatisfied" does not have, and until such statutory notice has been filed as thus prescribed, does not acquire, any priority over a mortgage previously executed by his debtor, as subsequently reformed, if, as here, it should be reformed as between the parties thereto. It is the status of such a creditor which the trustee in bankruptcy has. Such a trustee, therefore, as the present trustee, is not entitled to such priority.

■ Moreover, entirely aside from the foregoing considerations and assuming that the trustee herein were within the protection of this Michigan statute, still by its own terms he would have such protection only if an execution creditor of the bankrupt would under the circumstances here presented be without notice of this previous mortgage, either actual or constructive. I reach the conclusion, however, under the settled rule in Michigan, binding, of course, upon this court in this cause, that in this controversy between the trustee and the mortgagee the trustee here, as a claimant with respect to this land, must be charged with constructive notice of the limited rights of the bankrupt and necessarily the correlative rights of the mortgagee, in such land, arising from this mortgage, including the right of the mortgagee to reformation thereof. Corey v. Smalley, 106 Mich. 257, 64 N. W. 13, 58 Am. St. Rep. 474; Atkinson v. Akin, 197 Mich. 289, 297, 163 N. W. 1024.

■ Furthermore, the aforementioned reference, in the bankrupt's schedules filed herein as a public record at the inception of this bankruptcy proceeding to this entire parcel of land as subject to this mortgage, amounted, in my opinion, to constructive notice to the world of the rights of the mortgagee in question.

For the reasons stated, I reach the conclusion that the question certified by the referee, as applied to the facts here presented, must be answered in the affirmative, and the decision of the referee is affirmed. An order will be entered accordingly.